UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION


FILED
OCT 2 2 2009

| | | |
|---|---|---|
| DUNCAN G. STANDING ROCK, | * | CIV 08-4079 |
| Plaintiff, | * | |
| -vs- | * | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| RD&J PARTNERSHIP, d/b/a/ MCDONALDS | * | |
| Defendant. | * | |

Pending before the Court is Defendant's Motion for Summary Judgment. To-date, Plaintiff has not filed a response to the motion.

## LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A "material" fact is one that "might affect the outcome of the suit under the governing law," and a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, at 248.

In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 257; *City of Mt. Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988). Plaintiff has never responded to Defendant's Motion for Summary Judgment which was filed on June 30, 2009.

## BACKGROUND

### Facts Relating to Dispute

On or about October 10, 2006, Plaintiff, a Native American, sought employment with Defendant RD & J Partnership, d/b/a. McDonalds ("McDonalds") through their advertised walk-in interview session. (Def.'s Statement of Material Facts at ¶ 17.) Defendant sought to fill two open positions. (*See* Def.'s Statement of Material Facts at ¶ 3.) The interview was conducted by Sonja Ohlrogge, the Store Manager of the South Minnesota Avenue location. (Compl, Ex. C at ¶¶ 3, 6.) After the interview session concluded, Plaintiff alleges that Ohlrogge said he did very well and that he would be contacted in a few days. (Compl. at 1.) When Plaintiff had not heard from Defendant a week later, Plaintiff called to follow up on the status of the open positions and was told by Ohlrogge that she had already filled both positions. (Def.'s Statement of Material Facts at ¶ 3.) Plaintiff believes that Defendant did not hire him on the basis of his race. (Compl. at 3.)

Defendant hires new employees through its "Hiring to Win" crew selection system. (Def.'s Statement of Material Facts at ¶ 11.) The "Hiring to Win" system consists of the following phases: (1) Candidate completes a paper application; (2) Candidate completes a paper and pencil assessment; (3) Manager completes a behaviorally based interview; (4) Manager calls references; (5) Offer is extended and hire is processed, if accepted. (Def.'s Statement of Material Facts at ¶ 12.) At each phase of this process, job candidates must score yellow or green ratings, and if they score a red rating, they are not hired. (Def.'s Statement of Material Facts at ¶ 11.)

2

Plaintiff submitted an application for employment with Defendant on or about October 10, 2006, through an advertised walk-in interview session. (Def.'s Statement of Material Facts at ¶ 17.) These sessions permit Defendant to complete the first three phases of the "Hire to Win" system in a single visit, although Ohlrogge indicated that rating of the application and assessment commonly take place after a job candidate has completed the interview and left the restaurant. (Def.'s Statement of Material Facts at ¶ 18.)

The application submitted by Plaintiff in accordance with the first step of the hiring process indicated that Plaintiff: (1) had previous work experience with both Wastequip, Inc. and Grossenburg Concrete; (2) possessed a GED; (3) had attended college for an unspecified amount of time; (4) lived five blocks from the restaurant and was willing to work any hours. (Compl. Ex. C at ¶ 10.) Plaintiff's employment application did not list any previous experience with Defendant, other similar fast-food restaurants, nor indicate that Plaintiff possessed work experience as a cook. (Def.'s Statement of Material Facts at ¶ 19.) However, in Plaintiff's rebuttal to the to the Sioux Falls Human Relations Commission's ("Human Relations Commission") findings of fact, Plaintiff stated that when asked in the interview whether he had any restaurant experience, he replied that it had been awhile, but that he was a fast learner. (Compl., Ex. E at 1.) Plaintiff further stated that Ohlrogge said he should not worry too much about his lack of recent cooking experience, that the job was "real easy," and that Plaintiff should just list his last three places of employment. (Compl., Ex. E at 1.) After submitting his application, Plaintiff was given the written assessment. (Compl. Ex. C at ¶ 11.) On the "Hiring to Winning Crew Assessment Answer Sheet," Plaintiff voluntarily checked the box which indicates his ethnic group is "American Native or Alaskan." (Compl. Ex. C at ¶ 11.) After Plaintiff completed the written assessment, Ohlrogge proceeded to interview Plaintiff. (Compl. Ex. C at ¶ 12.) During the interview, each candidate is asked questions to rate his or her job fit, teamwork, speed, accuracy, customer engagement, and friendliness and a successful candidate must score a "yellow" or "green" in each category. (Def.'s Statement of Material Facts at ¶ 22.) Ohlrogge rated Plaintiff's personal interaction as "red" which, according to the "Hiring to Win" guide, may mean that a candidate had poor eye contact, did not speak with enthusiasm, did not smile, was difficult to understand, was shy or withdrawn, used curse words or other offensive terms, or spoke

using inappropriate slang or grossly incorrect grammar. (Def.'s Statement of Material Facts at ¶¶ 25, 26.) Ohlorogge states that during Plaintiff's interview, he was unable to come up with a customer greeting[1], did not smile, and gave poor eye contact. (Def.'s Statement of Materials Facts at ¶¶ 23, 24 .) In Plaintiff's rebuttal to the Human Relations Commission's findings of fact, Plaintiff indicated that when asked how he would greet a customer, he replied, "Hi, welcome to McDonalds, and how are you doing today! May I take your order please." (Compl., Ex. E at 2.)

Plaintiff alleges that Ohlrogge told him that there were not many minorities working there, that Plaintiff did very well and that she would contact him within a few days. (Compl. at 1.) Ohlrogge denies telling Plaintiff or any other candidate that they did very well. (Compl., Ex. C at ¶ 14.) Ohlrogge states that she does not know at the time of completion of the interview how the person scored on the assessment or how their references check out and makes it a practice to shake the candidate's hand, thank them for coming, and tell them that they will get a phone call if they will be offered a position. (Compl., Ex. C at ¶ 14.)

Defendant further submits that the location at which Plaintiff sought to be hired is a more diverse racial demographic than is reflected overall in Sioux Falls. (Def.'s Statement of Material Facts ¶ 16.) According to 2000 U.S. Census Bureau information, the racial demographic of Sioux Falls was:

| Race | No. of Citizens | Percentage |
| --- | --- | --- |
| White | 112,703 | 90.1 |
| Black | 2,226 | 1.8 |
| Native American | 2,627 | 2.1 |
| Hispanic | 3,087 | 2.5 |

---

[1] While Defendant states in the Statement of Material Facts that Plaintiff was unable to come up with a customer greeting, in Defendant's response to the Human Relations Commission's request for information, Defendant stated that when Plaintiff was asked to pretend that Ohlrogge was a customer and to demonstrate how he would greet her, he did provide a customer greeting, "Welcome to McDonalds," but did so without smiling and with little enthusiasm.

4

(Def.'s Statement of Material Facts ¶ 14.) In November 2006, Defenadant had fifty-eight (58) employees at its South Minnesota Avenue location, and the racial demographics of that location were:

| Race | No. of Employees | Percentage |
| --- | --- | --- |
| White | 45 | 78 |
| Black | 6 | 10 |
| Native American | 5 | 9 |
| Hispanic | 2 | 3 |

Seven days after Plaintiff's walk-in interview session, Plaintiff contacted Ohlrogge to inquire about the status of his application and was told that the positions had been filled. (Compl. at 1; Compl., Ex. A at ¶ 3.) The two persons who were hired by Defendant at that time were a white male with previous McDonalds experience who scored a yellow or green at each stage of the "Hire to Win" system and a Native American female with previous McDonalds and Burger King experience, who also scored a yellow or green at each stage of the hiring system. (Def.'s Statement of Material Facts at ¶ 28.) The white male applied and was hired on October 14, 2006, and the Native American female applied and was hired on October 17, 2006. (Compl., Ex. C at ¶¶ 16, 17.)

Plaintiff believes that he was not hired because he is a Native American. (Compl. at 3.)

**Procedural History**

On October 31, 2006, Plaintiff filed a Charge of Discrimination with the Sioux Falls Human Relations Commission and the EEOC. After investigating the charge, the Commission issued a determination on November 28, 2007, which stated that no probable cause exists to believe Defendant failed to hire Plaintiff because of his race. On March 12, 2008, the EEOC issued a dismissal and notice of rights which stated that "[b]ased on its investigation, the EEOC is unable to conclude that the information obtained established violations of the statutes." The notice of rights informed Plaintiff that he must file any lawsuit alleging violation of Title VII within ninety (90) days

of receipt of the notice or his right to sue based on this charge will be lost.

On June 11, 2008, Plaintiff filed a Complaint with the United States District Court for the District of South Dakota, Southern Division, alleging that he was not hired by Defendant for the positions for which he applied because he is Native American.

## DISCUSSION

To prove a *prima facie* case of disparate treatment, Plaintiff must show the following: (1) He is a member of a protected group; (2) He applied and was qualified for the position he sought with Defendant; (3) He was not hired for that position, i.e., sustained an adverse employment action; (4) After his application was rejected, Defendant continued to seek applicants with qualifications like those of Plaintiff. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824 (1973). Once Plaintiff established a *prima facie* case of discrimination, the burden shifts to Defendant to show a legitimate, business reason for its action. *Id.* The burden then shifts back to Plaintiff to show Defendant's reason to be a pretext for discrimination. *Id.*

The Court grants summary judgment in favor of Defendant. Both persons who were offered the position sought by Plaintiff had previous experience working for Defendant, whereas Plaintiff had never before been employed by Defendant. Although Plaintiff allegedly stated in his interview that he had previous experience as a cook, he acknowledged that it was some time ago. The Court finds that lack of prior work experience is a legitimate business reason for not hiring Plaintiff.

Because Plaintiff has failed to allege facts showing Defendant's reason to be pretext for discrimination, it is hereby ORDERED that Defendant's Motion for Summary Judgment (Doc. 20) is GRANTED.

Dated this 20th day of October, 2009.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Sally Margulies
    (SEAL)   DEPUTY